UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
GINA MARIE NOVIELLO,

                    Plaintiff,

          - against -

COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.
--------------------------------------------------------x

**MEMORANDUM & ORDER**
18-CV-5779 (PKC)

PAMELA K. CHEN, United States District Judge:

On December 16, 2018, Plaintiff appealed an adverse Social Security decision to this Court. (Dkt. 1.)  After briefing, the Court granted Plaintiff's motion for judgment on the pleadings, remanded to the Social Security Administration, and awarded Plaintiff $9,710.00 in attorneys' fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Dkt. 26; 07/06/2020 Docket Order).   On remand, Plaintiff was awarded past-due benefits in excess of $100,000 as well as ongoing payments.  (Dkt. 33-4.)  Within the 14-day filing period, Plaintiff's counsel moved for attorneys' fees pursuant to 42 U.S.C. § 406(b), which permits courts to award a "reasonable fee" "not in excess of 25% of the total of the past-due benefits to which the claimant is entitled," less any amount already awarded pursuant to the EAJA.  (Dkt. 33); 42 U.S.C. § 406(b); *Gisbrecht v. Barnhart*, 535 U.S. 789, 789 (2002).

In this case, Plaintiff's counsel was retained on a 25% contingency-fee agreement.  (Dkt. 33-6.)  Plaintiff's counsel has submitted itemized records demonstrating that they spent 59.75 hours on this case.  (Dkt. 33-2.)  While that amount is relatively high for such a matter, the Court is mindful that the majority of the litigation in this case was conducted during the height of the COVID-19 pandemic.  Plaintiff's counsel seeks a total of $22,406.25 in attorneys' fees.  (Dkt. 33-1.)  While not deploying the lodestar method, the Court notes that $22,406.25 for 59.75 hours

1

equals $375 per hour.   In its limited role as a Court-ordered trustee, the Social Security

Commissioner notes that the requested fee is in line with other awards deemed reasonable in this

circuit.  (Dkt. 35.)  Likewise, this Court finds that the fee requested in this case does not exceed

the 25% statutory cap, there is no evidence of fraud or overreaching in the making of the

contingency-fee agreement, and the requested amount would not be a windfall to Plaintiff's

counsel.  *See Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990); *see also Diberadino v. Comm'r

of Soc. Sec.*, 17-CV-2868 (PKC), 2020 WL 6746828 (permitting award of $20,000 after reducing

the total hours claimed and hourly rate).

Accordingly, Plaintiff's motion for attorneys' fees pursuant to 42 U.S.C. § 406(b) is

granted and Plaintiff's counsel is awarded $22,406.25.   Upon receipt of that award from the

government, Plaintiff's counsel shall promptly refund Plaintiff $9,710.00, which represents the

EAJA fees already received by counsel.  This case remains closed.

SO ORDERED.

/s/ *Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: January 10, 2022[1]
       Brooklyn, New York

---

[1] On January 7, 2022, the Court issued this Order as a Docket Order.  (01/07/2022 Docket Order.)  Pursuant to Plaintiff's request (Dkt. 36), the Court has reissued it as a Memorandum & Order.